## MACK

v.

## OHIO BUREAU OF MOTOR VEHICLES.

Wadsworth Municipal Court.

No. 94–CVH–204.

Decided Oct. 18, 1994.

---

64

*Gregory L. Hail,* for petitioner.

*Norman E. Brague,* for respondent.

JAMES L. KIMBLER, Judge.

This case involves a petition for occupational driving privileges after the imposition of a twelve-point suspension, pursuant to R.C. 4507.021. The petitioner did not file the petition within twenty days from the date that a copy of the notice of suspension from the Bureau of Motor Vehicles was served upon her. The respondent has now filed a motion to dismiss on the grounds that this court does not have jurisdiction.

R.C. 4507.021 confers jurisdiction on a municipal court to hear an appeal from a twelve-point suspension. That appeal must be filed within twenty days. In such a proceeding, the court must determine whether or not the petitioner can show that the Bureau of Motor Vehicles erred in imposing the suspension. If such error is not shown, the court shall impose the suspension "and provide such conditions or probation as the court deems proper." R.C. 4507.021(N). Although R.C. 4507.021 makes no reference to occupational driving privileges, the section quoted above allows a municipal court to grant such privileges, *provided* that it has first determined that the Bureau of Motor Vehicles did not err in imposing the twelve-point suspension. In order to make such a determination, the court must first have jurisdiction. That means in a case involving a twelve-point suspension, that the petitioner has filed his or her petition timely.

The petitioner cites an unreported case from the Wood County Court of Appeals holding to the contrary. Such a decision, while perhaps persuasive, is not binding upon this court. In that decision, the Wood County Court of Appeals pointed out that a person facing a suspension under R.C. 4507.16(B) may petition a court for occupational driving privileges at any time during the suspension. That court held that it was unconstitutional to allow people who have been convicted of driving under the influence to file a petition for occupational driving privileges at any time during the suspension while not allowing that relief to a person under a twelve-point suspension.

While such an analysis may have merit, it overlooks the fact that a municipal court is one of limited jurisdiction. It only has the jurisdiction conferred upon it by the Ohio Revised Code. In this case, the Ohio General Assembly has not chosen to confer the jurisdiction to grant occupational driving privileges at any time during a twelve-point suspension. If the distinction noted by the Wood County Court of Appeals in indeed unconstitutional, the proper remedy would not be for this court to assume jurisdiction where none has been conferred. The proper remedy would be to seek injunctive relief in the appropriate state or federal court.

Therefore, the motion to dismiss is granted. Costs taxed to the petitioner.

*So ordered.*